**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID JOHN WILLIAMS,

      Petitioner,               Civil No. 2:14-CV-13582
                                          HONORABLE VICTORIA A. ROBERTS
v.                                 UNITED STATES DISTRICT JUDGE

JEFFREY LARSON,

      Respondent,

_____/

**OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE**
**THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A**
**CERTIFICATE OF APPEALABILITY, AND DENYING PETITIONER LEAVE**
**TO APPEAL *IN FORMA PAUPERIS***

      David John Williams, ("Petitioner"), confined at the Central Michigan

Correctional Facility in St. Louis, Michigan, filed a *pro se* petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his conviction for unarmed

robbery, M.C.L.A. 750.530; and being a third felony habitual offender, M.C.L.A. 769.11.

      For the reasons that follow, the petition for writ of habeas corpus is SUMMARILY

DISMISSED WITHOUT PREJUDICE.

**I.  Background**

      Petitioner pleaded *nolo contendere* in the Macomb County Circuit Court to the

charge of unarmed robbery and being a third felony habitual offender.  On July 7, 2012,

Petitioner was sentenced to thirty eight months to thirty years in prison.  Petitioner filed a

motion to withdraw his guilty plea, which was denied.

Petitioner filed an application for leave to appeal to the Michigan Court of Appeals, raising a claim that the trial judge abused his discretion in denying Petitioner's motion to withdraw his guilty plea or order specific performance after the prosecutor breached the plea agreement by failing to recommend a sentence within the sentencing guidelines range of 19-38 months. The Michigan Court of Appeals denied the application for leave to appeal. *People v. Williams,* No. 314642 (Mich.Ct.App. October 8, 2013).

Petitioner filed an application for leave to appeal to the Michigan Supreme Court. In addition to the claim raised before the Michigan Court of Appeals, Petitioner also for the first time raised a claim that he was misled by his defense counsel and the prosecutor when they changed the plea offer from an agreement that the sentencing guidelines would be scored at 19-38 months to a plea agreement that the guidelines would be scored at 29-85 months. The Michigan Supreme Court denied Petitioner leave to appeal. *People v. Williams,* 495 Mich. 992; 845 N.W. 2d 100 (2014).

Petitioner seeks a writ of habeas corpus on the following grounds: 1) The trial judge abused his discretion in denying Petitioner's motion to withdraw his guilty plea or failing to order specific performance after the prosecutor breached the plea agreement by failing to recommend a sentence within the sentencing guidelines range of 19-38 months; 2) ineffective assistance of counsel; and 3) prosecutorial misconduct.

## II. Discussion

The Court dismisses the petition for writ of habeas corpus because it contains two claims which were not properly exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *See also Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001).  Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009).  Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.*  Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).  A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).  The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

The petition is subject to dismissal, because Petitioner failed to allege or indicate in his petition that he has exhausted his state court remedies. *See Peralta v. Leavitt,* 56 Fed. Appx. 534, 535 (2nd Cir. 2003); *See also Fast v. Wead,* 509 F. Supp. 744, 746 (N.D. Ohio 1981).  Petitioner admits that he raised his second and third claims only for the first time in his application for leave to appeal before the Michigan Supreme Court.  Raising a claim for the first time before the state courts on discretionary review does not amount to

3

a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Petitioner failed to present his second and third claims on his direct appeal with the Michigan Court of Appeals; his subsequent presentation of these claims to the Michigan Supreme Court does not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore,* 425 Fed. Appx. 491, 494 (6th Cir. 2011); *Farley v. Lafler,* 193 Fed. Appx. 543, 549 (6th Cir. 2006).

Petitioner indicates that he did not properly exhaust his second and third claims because his appellate counsel failed to raise these claims before the Michigan Court of Appeals.  An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sitto v. Bock*, 207 F. Supp. 2d at 676.

The mere fact that appellate counsel may have been ineffective in failing to raise Petitioner's second and third claims on his direct appeal would not make it futile to exhaust these claims, because Petitioner still has available state court remedies with which to exhaust his claims, as the Court will explain below. *See Gray v. Wingo,* 391 F. 2d 268, 269 (6th Cir. 1967)(petition for writ of habeas corpus which raised claim that court-appointed counsel failed to ask for a new trial or to appeal was properly denied, since petitioner had not availed himself of Kentucky's post-conviction procedures).

Petitioner has an available state court remedy with which to exhaust his claims. Petitioner may file a motion for relief from judgment with the trial court under Michigan

4

Court Rule 6.500 *et seq*. raising the unexhausted claims and pursue these claims in the state appellate courts as necessary. *See Wagner v. Smith,* 581 F. 3d at 419; *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).  The unexhausted claims concern a matter of federal law which may warrant further review.  These claims should, therefore, be addressed to and considered by, the state courts in the first instance.  Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

### III.  Conclusion

The Court summarily dismisses the petition for writ of habeas corpus without prejudice.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate the correctness of the Court's procedural ruling.  The Court denies a Certificate of Appealability.  The Court also denies Leave to Proceed *In Forma Pauperis* on Appeal as

an appeal cannot be taken in good faith. Fed. R.App. P. 24(a).

## IV.  <u>ORDER</u>

**The Court SUMMARILY DISMISSES WITHOUT PREJUDICE** the Petition for

Writ of Habeas Corpus and **DENIES** a Certificate of Appealability**.**

Petitioner is **DENIED** leave to appeal *in forma pauperis.*


<u>S/Victoria A. Roberts</u>

**Dated: 9/19/2014**                    **UNITED STATES DISTRICT JUDGE**

6